IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AND DEPOSITORS INSURANCE COMPANY | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-874 |
| AMALGAMATE PROCESSING, INC., TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND GREAT NORTHERN INSURANCE COMPANY | § § § § § § § § | |
| DEFENDANTS | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the plaintiffs, ALLIED PROPERTY AND CASUALTY COMPANY ("ALLIED") and DEPOSITORS INSURANCE COMPANY ("DEPOSITORS"), and file this their original complaint for declaratory judgment against the defendants, AMALGAMATE PROCESSING, INC. ("Amalgamate), TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), and GREAT NORTHERN INSURANCE COMPANY, ("GNIC") and would respectfully show unto this Honorable Court as follows:

**Parties and Service**

1.  Plaintiff, ALLIED is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa. ALLIED is authorized to conduct insurance business in the State of Texas.

2. Plaintiff, DEPOSITORS is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa. DEPOSITORS is authorized to conduct insurance business in the State of Texas.

3. Defendant, Amalgamate Processing, Inc. (d/b/a Advanced Foam Recycling) is a corporation organized and existing under the laws of the State of Texas, who does business in Tarrant County. Amalgamate is ALLIED's insured and may be served with process by serving Duane J. Renfro, its registered agent for service of process, at 7108 Burns Road, Richland Hills, Texas 76118 or wherever he may be located.

4. Defendant Travelers is a property insurer organized and existing under the laws of the state of Connecticut with its principal place of business in One Tower Square, Hartford, Connecticut, 16183. Travelers may be served by serving its registered agent for service of process, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Defendant Travelers, as subrogee of SAC Acquisition, LLC is a Plaintiff in the underlying tort lawsuit upon which this declaratory judgment action is based and, as a practical matter, its interests will be impaired, impeded or affected by the judgment rendered herein. As such, Travelers is a party interested in the outcome of this litigation.

5. Defendant Great Northern Insurance Company is a property insurer organized and existing under the laws of the state of Indiana that is authorized to conduct insurance business in Texas, with its principal place of business at 15 Mountain View Road, Warren New Jersey, 07059. GNIC may be served by serving its registered agent for service of process, C. T. Corporation System, at 1999 Bryan, Suite 900, Dallas, Texas, 78501-4284. Defendant GNIC, as subrogee of Arlee Home Fashions, Inc. is a Plaintiff in the underlying tort lawsuit upon which this declaratory judgment action is based and, as a practical matter, its interests will be impaired,

impeded or affected by the judgment rendered herein. As such, GNIC is a party interested in the outcome of this litigation.

## Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 USC § 1332 because all parties are diverse as to citizenship and because the amount in controversy exceeds $75,000.00. Additionally, jurisdiction is predicated upon 28 USC § 2201 because ALLIED is seeking declaratory relief pursuant to the statute.

7. Venue is proper in the Northern District of Texas, Ft. Worth Division pursuant to 28 USC § 1391(b)(1) because the Underlying Lawsuit out of which this coverage dispute arises is pending in the 348th Judicial District Court of Tarrant County.

## Statement of the Case and Summary

8. ALLIED brings this request for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. Sections 2201 and 2202.

9. This declaratory judgment action is necessary to determine whether ALLIED owes defense and/or indemnity to Amalgamate in a lawsuit filed by Travelers and GNIC. ALLIED issued a business owners policy to Amalgamate that included liability coverage, subject to certain limits as well as the conditions, exclusions and other limitations set forth in the policy.

10. ALLIED is currently defending Amalgamate subject to a reservation of rights in the lawsuit filed by Travelers and GNIC, pending under Cause Number 348-340200-23, in the 348th Judicial District Court of Tarrant County, Texas (the "Underlying Lawsuit").

## Factual Background and the Underlying Lawsuit

11. The Underlying Lawsuit arises from a fire that broke out at Amalgamate's facility on February 25, 2021. The fire damaged the Amalgamate's property and also the property that

was in the facility belonging to the Travelers' and GNIC's insureds.  The Underlying Lawsuit stems from damage to property of Travelers' and GNIC's insureds.

12.     The Plaintiffs' Original Petition filed in the Underlying Lawsuit describes the payments made by the Plaintiff insurers' to their respective insureds (a SAC Acquisition, LLC and  Arlee Home Fashions, Inc.) to establish their subrogation rights. Travelers allegedly paid SAC Acquisition, LLC  One Million, Two Hundred Sixty-Seven Thousand One Hundred Sixty-Seven and 41/100 Dollars ($1,267,167.41) and GNIC allegedly paid Arlee Home Fashions, Inc. Two Hundred Eighty-Five Thousand Nine Hundred Seventy-Nine and 84/100 Dollars ($285,979.84)

13.     The Plaintiff's Original Petition filed in the Underlying Lawsuit is attached hereto as Exhibit 1 and incorporated herein by reference as if set forth verbatim.

14.     Generally, in the Underlying Lawsuit Travelers and GNIC contend that Amalgamate possessed items belonging to their insureds pursuant to different contracts wherein Amalgamate agreed to assemble, handle, store and ship both SAC Acquisition, LLC's and Arlee Home Fashions, Inc.'s products.  (See Exhibit 1, paragraphs 10 and 11.)

15.     Travelers and GNIC further allege that a fire originated from a grinder used by Amalgamate, primarily for grinding foam for padding in products it manufactured, erupted at the Amalgamate facility, ultimately destroying their respective insureds' products that were in Amalgamate's possession. (See Exhibit 1, paragraphs 9 and 15.)

16.     The underlying plaintiffs aver that Amalgamate "failed to perform proper and/or sufficient housekeeping to keep its facility free of polyurethane foam bales and ground foam particles, including from and around its processing machines.  Consequently, [Amalgamate] caused and allowed foam bales and particles to accumulate around the Big Red Grinder, a foam

grinding machine located in the center of the AFR Facility's building along the west wall." (See Exhibit 1, paragraph 13.)

17. Travelers and GNIC also claim that the fire sprinkler system at the facility was not operational on the date of the fire. (See Exhibit 1, paragraph 12.)

18. Travelers and GNIC contend that the negligence of Amalgamate in various ways proximately caused their insureds' damages. (See Exhibit 1, paragraphs 19-21.)

## The Policies

19. ALLIED issued a Commercial Package Policy under Policy Number ACP GLPO 301959923, effective January 1, 2021 to January 1, 2022 that included general liability coverage (the "ALLIED Policy"), subject to the terms, limitations, exclusions and conditions stated.

20. DEPOSITORS issued an Umbrella Policy under Policy Number ACP CAD 3019599232, effective January 1, 2021 to January 1, 2022 (the "Umbrella Policy"), subject to the terms, limitations, exclusions and conditions stated.

## Causes Of Action: Declaratory Relief

21. ALLIED and DEPOSITORS contend and will show that they do not owe a duty of defense or indemnity to Amalgamate in the Underlying Lawsuit.

22. The ALLIED and DEPOSITORS Policies contain exclusions that bar coverage for property in the care, custody and control of the insured and the exclusions are triggered by the operative pleading filed in the Underlying Lawsuit.

23. Pleading further, ALLIED will show that the ALLIED Policy was endorsed with a provision that provided limited coverage for property subject to the exclusion discussed in paragraph 22 above, however, that coverage was subject to a sub-limit and cap of $10,000.00

and was paid and exhausted by ALLIED to non-party who also had property at Amalgamate's facility.

24. Pleading further and in the alternative, if necessary, ALLIED will show that the Policy was also endorsed with a Protective Safeguards Endorsement which is triggered by the allegations in the Underlying Lawsuit regarding Amalgamate's fire sprinkler system.

25. Pleading further, DEPOSITORS will show that it issued an Umbrella Policy that is not triggered because underlying insurance has not been exhausted.

26. Furthermore, the same reasons that negate defense negate the possibility that indemnity will be owed; therefore, ALLIED and DEPOSITORS seek a declaration that no duty of defense or indemnity is owed Amalgamate in connection with the claims levied in the Underlying Lawsuit.

## Relief Sought

27. ALLIED and DEPOSITORS ask for a declaration from this Court that it does not owe a duty of defense or indemnity to Amalgamate in the Underlying Lawsuit.

28. ALLIED and DEPOSITORS are entitled to recover its reasonable and necessary attorney's fees in prosecuting this declaratory judgment action. ALLIED and DEPOSITORS retained the law firm of Farmer, House, Osuna & Olvera to represent it in this action, and has agreed to pay the firm reasonable and necessary attorney's fees. Award of these fees would be equitable and just and are authorized by statute.

## Prayer

29. ALLIED and DEPOSITORS pray that upon final consideration of this matter that this Court enter declarations as follows:

    a. A declaration that ALLIED and DEPOSITORS do not owe a duty to defend Amalgamate in the Underlying Lawsuit; and

    b. A declaration that ALLIED and DEPOSITORS do not owe a duty to indemnify Amalgamate in the Underlying Lawsuit.

ALLIED and DEPOSITORS further pray for recovery of all costs and expenses, including attorneys' fees, incurred in the prosecution of this declaratory action, and all other relief ALLIED and DEPOSITORS may show itself justly entitled, at law or in equity.

DATED: August 21, 2023

    Respectfully submitted,

    /s/ *Wm. David Farmer*

**Wm. David Farmer**
State Bar No. 06826470
wdfarmer@satx.law
FARMER, HOUSE, OSUNA & OLVERA
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone No. (210) 377-1990
Facsimile No. (210) 377-1065

***Attorneys for Plaintiffs Allied Property and Casualty Insurance Company and Depositors Insurance Company***

# EXHIBIT 1

348-340200-23

FILED
TARRANT COUNTY
2/13/2023 11:32 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of SAC ACQUISITION, LLC, and GREAT NORTHERN INSURANCE COMPANY, as subrogee of ARLEE HOME FASHIONS, INC., | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | | TARRANT COUNTY, TEXAS |
| v. | | |
| AMALGAMATE PROCESSING, INC. d/b/a ADVANCED FOAM RECYCLING, | | _____ JUDICIAL DISTRICT |
| Defendant. | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of SAC ACQUISITION, LLC, and Plaintiff GREAT NORTHERN INSURANCE COMPANY, as subrogee of ARLEE HOME FASHIONS, INC., complaining of Defendant AMALGAMATE PROCESSING, INC. d/b/a ADVANCED FOAM RECYCLING and would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs hereby give notice to the Court and all parties concerned that discovery in the above matter will be conducted under Level 3 of this Rule.

## II.
## THE PARTIES

2.     Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of SAC ACQUISITION, LLC ("Travelers") is a property insurer formed and existing under the laws of Connecticut with its principal place of business at One Tower Square, Hartford, Connecticut 06183.

3.     Plaintiff GREAT NORTHERN INSURANCE COMPANY, as subrogee of ARLEE HOME FASHIONS, INC. ("Great Northern") is a property insurer formed and existing under the laws of Indiana and duly authorized to engage in insurance business in the State of Texas, with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059.

4.     Defendant AMALGAMATE PROCESSING, INC. d/b/a ADVANCED FOAM RECYCLING ("AFR") is a corporation duly formed and existing under the laws of the State of Texas and at all times material herein has been doing business in Tarrant County, Texas.  AFR may be served through its registered agent, Duane J. Renfro at 7108 Burns Road, Richland Hills, Texas 76118 or wherever found.  Issuance of citation is requested.

## III.
## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this cause of action because the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional threshold of this Court.

6.     Venue is proper in Tarrant County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because the events giving rise to the claim occurred in Tarrant County, Texas and the property that was damaged as a result of the fire that occurred on February 25, 2021 is located in Tarrant County, Texas.

7.     Plaintiffs seek monetary relief over $1,000,000.00.

## IV.
## FACTUAL BACKGROUND

8. On and before February 25, 2021, Sac Acquisition, LLC d/b/a The Lovesac Company ("Lovesac") was a furniture retailer that specializes in modular furniture systems. On and before February 25, 2021, Arlee Home Fashions, Inc. ("Arlee") was a retailer of dog beds, chair pads, and other foam items.

9. On and before February 25, 2021, Defendant AFR operated a 112,000 square foot manufacturing facility in single story commercial building located at 2525 Handley-Ederville Road in Richland Hills, Texas 76118 ("AFR Facility"). In the AFR Facility, AFR manufactured products using recycled polyurethane foam, a highly flammable material, primarily by grinding foam for padding in products it manufactured.

10. On April 1, 2019 Lovesac entered a Manufacturer Supply Agreement with Defendant AFR for AFR to manufacture Lovesac products in the AFR Facility. On October 16, 2019, Lovesac entered a Warehouse and Distribution Services Agreement with AFR in which AFR agreed to assemble, handle, store, and ship Lovesac products in and from the AFR Facility.

11. Arlee Home Fashions, Inc. uses the AFR facility as a manufacturing site for its items. AFR produces, assembles, handles, stores and ships Arlee's products to Arlee's customers.

12. Although the AFR Facility contained a fire sprinkler system, on February 25, 2021, the system was not in operation. Nevertheless, Defendant AFR continued with its normal business activities.

13. On and before February 25, 2021, Defendant AFR failed to perform proper and/or sufficient housekeeping to keep its facility free of polyurethane foam bales and ground foam particles, including from and around its processing machines. Consequently, AFR caused and

allowed foam bales and particles to accumulate around the Big Red Grinder, a foam grinding machine located in the center of the AFR Facility's building along the west wall.

14. On and before February 25, 2021, Defendant AFR failed to maintain or properly maintain the Big Red Grinder. The Big Red Grinder had a history of becoming blocked, sparking and its conveyor belt jamming.

15. At approximately 12:30 p.m. on February 25, 2021, a fire originated in or from the Big Red Grinder and quickly spread throughout the entire AFR Facility ("Fire"), destroying the facility, its business, and all contents inside the building. The AFR Facility's fire sprinkler system was not operational and did not activate to suppress or extinguish the Fire.

16. As a direct and proximate result of the acts and/or omissions of Defendant AFR as described herein, Plaintiffs Travelers and Great Northern sustained damages in excess of the minimum jurisdiction of this court. These damages include, but are not limited to, direct damages, incidental damages, and consequential damages, including but not limited to, diminution in value and/or costs of repairs, loss of use and business interruption damages, mitigation damages and other direct, incidental and/or consequential damages and interest.

17. On and before February 25, 2021, Plaintiff Travelers insured Lovesac under insurance policy number ZOC-71N02304-18-ND ("Travelers Policy"), that provided Lovesac certain coverage for damages to its property and business. Pursuant to the Travelers Policy, Travelers has paid a sum of One Million, Two Hundred Sixty-Seven Thousand One Hundred Sixty-Seven and 41/100 Dollars ($1,267,167.41) to and on behalf of Lovesac for damages arising from the February 25, 2021 Fire made the basis of this lawsuit. Travelers is qualified to and has brought this lawsuit and is subrogated to any right of recovery or cause of action that Lovesac has against Defendant AFR for damages, including the claims and causes of action pled herein.

18. On and before February 25, 2021, Great Northern insured Arlee under insurance policy number 36038190 ("Great Northern Policy"), that provided Arlee certain coverage for damages to its property and business. Pursuant to the Great Northern Policy, Great Northern has paid a sum of Two Hundred Eighty-Five Thousand Nine Hundred Seventy-Nine and 84/100 Dollars ($285,979.84) to and on behalf of Arlee for damages arising from the February 25, 2021 Fire made the basis of this lawsuit. Great Northern is qualified to and has brought this lawsuit and is subrogated to any right of recovery or cause of action that Arlee has against Defendant AFR for damages, including the claims and causes of action pled herein.

## V.
## FIRST CAUSE OF ACTION – NEGLIGENCE

19. As and for its first cause of action against Defendant AFR, Plaintiffs Travelers and Great Northern restate and reallege paragraphs 1 – 18 above, as if fully stated herein, and would further show the Court as follows:

20. Plaintiffs Travelers and Great Northern's damages resulted from the negligent conduct of Defendant AFR. At the time of the Fire, AFR owed a duty to exercise reasonably prudent and ordinary care in operating its AFR Facility, including having sufficient and proper housekeeping and fire detection and suppression capabilities. AFR violated its duties in one or more of the following ways:

  a. Failing to maintain and/or operate the Big Red Grinder to where it did not fail and cause a fire.

  b. Failing to perform any or proper housekeeping of the foam/ground foam.

  c. Failing to properly stage its foam bales so combustibles did not surround the Big Red Grinder and then cause or allow what should have been a small, isolated fire at the grinder to spread throughout the entire building.

  d. Failing to train or properly train its workers and employees on what to do in response to a fire.

  e. Failing to have an operational fire sprinkler system in the building even though its operations necessarily involved the use and grinding of highly flammable polyurethane foam.

  f. Failing to have a fire watch and/or proper fire watch to identify and extinguish any potential fire before it destroyed the building and its contents.

  g. Failing to exercise reasonable care in performing its operations in the AFR Facility.

  h. Failing to act as a reasonable person would have acted under the same or similar circumstances.

  i. Otherwise failing to use due care under the circumstances.

21. Each of Defendant AFR's above-referenced acts and omissions, singularly or in combination with others, constituted negligence on the part of AFR, which directly and/or proximately caused Plaintiffs Travelers and Great Northern's damages, as set forth in paragraphs 16 – 18 above, and AFR is liable to Plaintiffs for those damages.

## VI.
## PRAYER

WHEREFORE, Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of SAC ACQUISITION, LLC, and GREAT NORTHERN INSURANCE COMPANY, as subrogee of ARLEE HOME FASHIONS, INC. respectfully request that on final hearing, the Court enter a Judgment against Defendant AMALGAMATE PROCESSING, INC. d/b/a ADVANCED FOAM RECYCLING and in favor of Plaintiffs for a sum in the amount of Plaintiffs' actual damages, pre- and post-judgment interest at the legal rate, court costs, and such other and further relief, both at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MUNCK WILSON MANDALA, LLP**

*/s/ Craig S. Douglass*
Craig S. Douglass
Texas Bar No. 06048790
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
Telephone: (972) 628-3600
Facsimile: (972) 628-3616
Email: cdouglass@munckwilson.com

**ATTORNEYS FOR PLAINTIFF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of SAC ACQUISITION, LLC**

**COZEN O'CONNOR**

*/s/ Suzanne C. Radcliff*
Suzanne C. Radcliff
Texas Bar No. 24014420
1717 Main Street, Suite 3100
Dallas, TX 75201
Telephone: (214) 462-3023
Facsimile: (214) 433-4003
Email: SCRadcliff@cozen.com

**ATTORNEYS FOR PLAINTIFF GREAT NORTHERN INSURANCE COMPANY, as subrogee of ARLEE HOME FASHIONS, INC.**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Terri Veltidi on behalf of Craig Douglass
Bar No. 6048760
tveltidi@munckwilson.com
Envelope ID: 72695301
Status as of 2/13/2023 11:41 AM CST

Associated Case Party: TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Craig Douglass | | cdouglass@munckwilson.com | 2/13/2023 11:32:49 AM | SENT |

Associated Case Party: GREAT NORTHERN INSURANCE COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Suzanne CRadcliff | | scradcliff@cozen.com | 2/13/2023 11:32:49 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Terri Veltidi | | tveltidi@munckwilson.com | 2/13/2023 11:32:49 AM | SENT |
| Libia Sanchez | | lsanchez@munckwilson.com | 2/13/2023 11:32:49 AM | SENT |
| Amanda Young | | ayoung@cozen.com | 2/13/2023 11:32:49 AM | SENT |